UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MILDRED HICKS JOHNSON,

    Plaintiff,

v.

MAPLEVIEW APARTMENT,
PETER M. DOERR,

    Defendants.
_____/

CASE NO. 05-CV-10330-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that this case be ***SUA SPONTE* DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the complaint fails to state a claim that would entitle Plaintiff to relief.[1]

**II.    REPORT**

    **A.    Introduction**

Plaintiff Mildred Johnson's *pro se* complaint was referred by U.S. District Judge David M. Lawson to the undersigned Magistrate Judge for general case management on January 5, 2006. (Dkt. 3.) Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1)

---

[1] In the event that this Report & Recommendation is adopted, Defendants' pending Motion for More Definite Statement (Dkt. 6) will be moot.

was granted on February 9, 2006. (Dkt. 10.) After screening the *pro se* complaint, I conclude that the case is ready for Report and Recommendation.

### B.     Screening Requirement

Federal law requires the Court to screen all civil complaints filed *in forma pauperis.* 28 U.S.C. § 1915(e).[2] Pursuant to this statute, the Court must *sua sponte* dismiss a complaint without affording the plaintiff an opportunity to amend if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint

---

[2] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

    (i)  is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

nevertheless must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

### C. The Complaint

The entire body of Plaintiff Mildred Johnson's *pro se* civil complaint consists of the following paragraph:

> Mapleview Apartment II unlawfull [sic]
> Writ of restitution on 7-11-05.
> Filing complaint under Civil Right
> Order of Eviction.  State of Michigan
> Judicial District 70th Court
> Unlawfull [sic] Judgment asking
> Federal Court Take Action by Law.

(Compl. at 1.)

### D. Discussion

Civil lawsuits filed in the federal courts are governed by the Federal Rules of Civil Procedure. Rule 8(a)(2) of the Federal Rules provides that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8(e)(1). Rule 10(b) states that "[a]ll averments of a claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . ." FED. R. CIV. P. 10(b).

In this case, I suggest that the complaint falls short of the basic pleading rules because it fails to set forth any simple, concise and direct averments which show that Plaintiff is entitled to relief under some viable legal theory.  Construing the complaint as liberally as possible, the

plaintiff seems to be filing suit alleging the unlawfulness of an order of eviction entered in a Michigan state court. The law clearly provides, however, that

> a federal district court has no authority to review the final judgments of a state court proceeding, *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir.1997), *cert. denied*, 118 S. Ct. 856 (1998), and even constitutional claims which are inextricably intertwined with the state court's decision are not reviewable. *See Feldman*, 460 U.S. at 483 n.16; *Jordahl*, 122 F.3d at 199.

*Roland v. Voris*, No. 98-4160, 1999 WL 777629 (6th Cir. 1999) (unpublished). *See also Patmon v. Michigan Supreme Court*, 224 F.3d 504, 510 (6th Cir. 2000) (federal district courts cannot provide review of prior state judicial proceedings and decisions).

Accordingly, because Plaintiff's *pro se* complaint does not contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory, *see Scheid*, *supra*, I suggest that it be dismissed with prejudice.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
| Dated: April 13, 2006 | s/ *Charles E Binder*<br>CHARLES E. BINDER<br>United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Peter M. Doerr, and served in the traditional manner on Mildred Hicks Johnson and Honorable David M. Lawson.

|  |  |
|---|---|
| Dated: April 13, 2006 | By       s/Mary E. Dobbick<br>Secretary to Magistrate Judge Binder |

5